CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN - 7 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE HAMILTON,<br>    Plaintiff, | Civil Action No. 7:12-cv-00213 |
| v. | **MEMORANDUM OPINION** |
| FRED D. HILDEBRAND, et al.,<br>    Defendants. | By:   Hon. Jackson L. Kiser<br>        Senior United States District Judge |

Christopher George Hamilton, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Fred D. Hildebrand and Bruce R. Conover, the previous and current Superintendents of the Northwestern Regional Adult Detention Center ("Jail"), respectively. Plaintiff argues that the Jail's policy of charging plaintiff $1.00 per day of incarceration lacks any basis in law and violates the Eighth and Fourteenth Amendments of the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts. Plaintiff was housed at the Jail at different times between July 2003 and October 2011 while in the legal custody of the Clarke County Sheriff's Office as both a pretrial detainee and a convict. The Jail charged plaintiff $1.00 per day of incarceration for "room and board" although the Sheriff's Office paid the Jail to house plaintiff and no criminal judgment authorized a $1.00 per day payment.

The Jail deducted the $1.00 fee from plaintiff's inmate account every day he was incarcerated there. At one point, plaintiff owed the Jail $385.98, the Jail told him that the Virginia Department of Taxation would collect the debt, and plaintiff repaid all but $6.00.

Plaintiff believes that the Jail's collection of the $1.00 fee, pursuant to defendants' policy, deprived him of property without due process and constitutes cruel and unusual punishment. Although he is no longer at the Jail, plaintiff requests injunctive relief to prohibit the Jail from collecting the $1.00 fee, to order the Jail and Virginia Department of Taxation to refund all fees ever collected from any Jail inmate, and to stop separating inmates who pay the $1.00 fee from inmates who cannot pay the $1.00 fee. Plaintiff also requests $2,000 in compensatory damages and $150,000 in punitive damages.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

2

Plaintiff argues that the Jail has no legal basis to assess the $1.00 fee and that the fee violated his Fourteenth Amendment right as a pretrial detainee and Eighth Amendment right as a convict.

A pre-trial detainee may be subjected to restrictions and conditions of the detention facility as long as those conditions and restrictions do not amount to punishment. Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). Virginia Code § 53.1-131.3 authorizes the $1.00 fee, and the $1.00 fee does not constitute an unconstitutional punishment of pretrial detainees.[1] Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 250 (4th Cir. 2005). See Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 n.7 (1983) (acknowledging that pretrial detainees may be required to pay for certain expenses associated with their care). "[N]ot every inconvenience encountered during pre[-]trial detention amounts to punishment" in violation of the Fourteenth Amendment. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

Due process generally requires a pre-deprivation hearing when established state procedures cause the loss of private property. See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 433-35 (1982). However, the $1.00 non-discretionary, ministerial deduction from plaintiff's inmate account presented "little risk of erroneous deprivation that a pre-deprivation hearing would ameliorate." Slade, 407 F.3d at 253. Thus, the Jail was not required to conduct a hearing before collecting the $1.00 fee from plaintiff's account. Id. at 252-53. Accordingly, plaintiff cannot state an actionable due process claim.

---

[1] Virginia Code § 53.1-131.3 reads:
> Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $ 3 per day, to defray the costs associated with the prisoners' keep. The Board shall develop a model plan and adopt regulations for such program, and shall provide assistance, if requested, to the sheriff or jail superintendent in the implementation of such program. Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes; however, in the event the jail is a regional jail, funds collected from any such fee shall be retained by the regional jail. Any person jailed for an offense they are later acquitted for shall be refunded any such fees paid during their incarceration.

The Eighth Amendment prohibits "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotes omitted). Prohibited punishments "involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations and internal quotes omitted). Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs . . . . [that] deprive inmates of the minimal civilized measure of life's necessities." Id. at 347. A government assumes responsibility for satisfying basic human needs, such as food, clothing, shelter, medical care, and reasonable safety, when it takes a person into custody. DeShaney v. Winnebago Cnty. Dep't of Soc. Svcs., 489 U.S. 189, 199-200 (1989). Plaintiff must show a sufficiently serious objective deprivation and that a prison official subjectively acted with a sufficiently culpable state of mind to demonstrate a violation of the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991).

As discussed, the Fourth Circuit has expressly held that the imposition of a daily room and board fee of $1.00 pursuant to Virginia Code § 53.1-131.3 does not amount to "punishment."[2] Slade, 407 F.3d at 250. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 416 n.3 (3d Cir. 2000) (collecting cases that found no constitutional impediment to deducting the cost of room and board from a prisoner's wages). Plaintiff acknowledges he still received room and board at Jail when he did not pay the $1.00 fee, and he does not allege that a defendant denied plaintiff any of life's basic necessities. See City of Revere, 463 U.S. at 245 (stating that the Constitution does not dictate the allocation of prison costs as long as the necessary services are provided). Accordingly, plaintiff cannot establish that the $1.00 fee

---

[2] Even if the fee could be considered punishment, plaintiff fails to explain how the $1.00 fee is "cruel and unusual."

4

constitutes cruel and unusual punishment.[3]

### III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous for pursuing claims based upon indisputably meritless legal theories and the infringement of legal interests which clearly do not exist. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 7th day of June, 2012.

Senior United States District Judge

---

[3] Plaintiff lacks standing to sue on behalf of all prior and future Jail inmates. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) (same). See also Neitzke, 490 U.S. at 325 (supporting the dismissal for lack of standing as frivolous). Plaintiff's transfer from the Jail moots plaintiff's requests for declaratory and injunctive relief. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (stating a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there).